UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                               :
UNITED STATES OF AMERICA,          :          Case No. 1:14-CR-00294
                                               :          Case No. 1:15-CV-02525
                    Plaintiff,            :
                                               :
vs.                                        :          OPINION & ORDER
                                               :          [Resolving Doc No. 21, 35]
BRANDY HAWKINS,                     :
                                               :
                    Defendant.            :
                                               :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Brandy Hawkins brings this motion for writ of habeas corpus under 28 U.S.C. § 2255. She argues that she received ineffective assistance of counsel and that her criminal history category was incorrectly calculated.[1] The Government opposes.[2]

For the following reasons, the Court **DENIES** Hawkins' motion.

## I. Background

On August 27, 2014, the United States charged Petitioner Brandy Hawkins in a two-count indictment for mail fraud and federal student loan fraud.[3] Assistant Federal Public Defender Edward G. Bryan represented Defendant Hawkins.[4] On October 1, 2014, Hawkins entered a plea of guilty to the charges.[5]

At the time, the Department of Justice was investigating Defense Attorney Bryan for unrelated alleged improper conduct. At the change of plea hearing, Hawkins signed a conflict of

---

[1] Doc. 21.
[2] Doc. 30. Petitioner replied. Doc. 31.
[3] Doc. 1.
[4] Non-document entry, Sept. 4, 2014 (notice of appearance).
[5] Doc. 25.

Case No. 1:14-CR-294
Gwin, J.

interest waiver, stating that she was aware of the investigation and that the conflict could give

rise "to the possibility that my attorney would not represent me adequately, because my attorney

could be seeking to curry favor with the government."[6]  In the waiver, Hawkins "knowingly and

voluntarily consent[ed] to waive any potential conflict of interest that arises from the criminal

investigation."[7]  Hawkins affirmed her knowing and voluntary waiver of the conflict upon oral

examination from the Court.[8]

　　　　Bryan continued to represent Hawkins for the remainder of the proceedings.

　　　　Defense Attorney Bryan represented Hawkins when Hawkins objected to portions of her

pre-sentence investigative report (PSR or PSI).  In particular, Bryan argued that Hawkins'

criminal history category had been improperly scored as seven criminal history points with a

resulting Criminal History Category IV.  Three of Hawkins' points came from a 2009 Michigan

conviction for using a computer to commit a crime.   In that Michigan case, Hawkins was

originally sentenced to five years' probation.  After she violated that probation, the Michigan

court sentenced her to 1 year and 7 months incarceration.[9]  However, Hawkins served less than

one year on that conviction.  Instead, she served five months in prison and three months in

Michigan's boot camp within the state's department of corrections.[10]

　　　　Bryan argued in the sentencing memorandum and at the sentencing hearing that the 2009

conviction should be scored based on the time served, not the length of the original sentence.[11]

---

　　　[6] Doc. 12 at ¶ 3.
　　　[7] *Id.*
　　　[8] Doc. 25 at  2-3.
　　　[9] Hawkins had been sentenced to five years of probation for using a computer to commit
a crime.  Hawkins violated probation on June 21, 2013 by committing identity theft.  For the
computer conviction, she was ordered to serve one year and seven months' incarceration.  For the
identity theft conviction, she was sentenced to one-to-five years' incarceration to run concurrently
with the prior conviction. Doc. 17.
　　　[10] Doc. 17.
　　　[11] Doc. 16 at 9-10.

Case No. 1:14-CR-294
Gwin, J.

If Hawkins and Bryan's argument had succeeded, the 2009 conviction would have been scored at

two points, and her overall criminal history would have been scored at six points, putting

Hawkins in Criminal History Category III.  With Hawkins' offense level of 14, Hawkins

Guidelines range would have been reduced from 27-33 months to 21-27 months.

The Government opposed Hawkins' objection to the scoring of the 2009 Michigan

conviction and argued that the Guidelines score past criminal history based on the length of the

original sentence, not the time actually served.[12]  At sentencing, the Court agreed with the

Government and overruled Hawkins' objection.[13]

The Court asked Petitioner Hawkins whether she had reviewed a copy of the final PSR

and whether she had gone through each paragraph with her attorney.  Hawkins answered that she

had.[14]

The Court found that Hawkins' offense level was 14 and that she was a Criminal History

Category IV.  The Court sentenced Defendant Hawkins to 27 months incarceration.[15]

Defendant Hawkins never appealed her sentence.  Instead, Defendant Hawkins files, *pro*

*se*, this habeas petition pursuant to 28 U.S.C. § 2255.  She raises four grounds for relief, which

she explains as follows:

1. Inadequate Counsel: My lawyer was being investigated himself and didn't
   have or take time to properly defend me.  I asked him to raise objections
   about incorrect points on my PSI, and he never obtained the proof for
   court.  And he never requested it either.

2. Inadequate Viewing of Final PSI: I received first copy [sic] of PSI in
   November 2014.  I raised objections immediately to my lawyer over to
   [sic] phone.  I never saw my final PSI until 5 minutes before sentencing on
   2-3-15.  And issues weren't addressed.

---

[12] Doc. 30 at 5.
[13] Doc. 27 at 6.
[14] *Id.* at 2.
[15] *Id.* at 19.

Case No. 1:14-CR-294
Gwin, J.

    3.   Incorrect Criminal History Points: I received 3 pts for a conviction of a sentence of 1 to 5 years (by Michigan state court) but my judge altered my sentence allowing me to attend bootcamp for 90 days and 18 month's parole, which was successfully completed.

    4.   Proof Not Provided For Altered Sentence: My lawyer was given the information of the Court and boot camp I attended but never contacted them for judge's signature.  Judge Gwin asked for the proof at sentencing and my lawyer's response was we don't have it at this time.  But he never attempted to obtain it.[16]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a petitioner post-conviction means of collaterally attacking a conviction or sentence that she alleges violates federal law.  Section 2255 provides four grounds upon which a petitioner may challenge her conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;
2) That the court was without jurisdiction to impose such sentence;
3) That the sentence exceeded the maximum authorized by law; or
4) That the sentence is otherwise subject to collateral attack.[17]

To prevail on a § 2255 motion alleging a constitutional error, the petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[18]

To prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[19]

---

[16] Doc. 21.
[17] 28 U.S.C. § 2255(a).
[18] _Watson v. United States_, 165 F.3d 486, 488 (6th Cir. 1999) (citing _Brecht v. Abrahamson_, 507 U.S. 619, 637-38 (1993)).
[19] _United States v. Ferguson_, 918 F.2d 627, 630 (6th Cir. 1990) (citing _Hill v. United States_, 368 U.S. 424, 428 (1968)).

-4-

Case No. 1:14-CR-294
Gwin, J.

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be asserted in a collateral attack unless the petitioner can show cause to excuse the default and actual prejudice from the error complained of.[20]

### a. Ineffective Assistance of Counsel

Ineffective assistance of counsel is a constitutional claim subject to review in a § 2255 petition. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[21]

First, the petitioner must show that her counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[22] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[23] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[24]

Second, the petitioner must show that the deficiency prejudiced her defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25] The burden is on the petitioner to make this showing.[26]

---

[20] *Massaro v. United States*, 538 U.S. 500, 504 (2003).
[21] 466 U.S. 668 (1984).
[22] *Id.* at 688.
[23] *Id.* at 690.
[24] *Id.* at 690-91.
[25] *Id.* at 695.
[26] *Hargrave-Thomas v. Yukins*, 374 F.3d at 393.

Case No. 1:14-CR-294
Gwin, J.

*b. Waiver of Ineffective Assistance of Counsel*

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right.'"[27]  "The Sixth Amendment right to conflict-free representation is subject to a knowing and voluntary waiver."[28]  This waiver applies to "a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255" if the defendant enters the waiver agreement knowingly and voluntarily.[29]

### III. Discussion

*A.  Claim One*

In her first claim, Hawkins argues that, "My lawyer was being investigated himself and didn't have or take time to properly defend me.  I asked him to raise objections about incorrect points on my PSI, and he never obtained the proof for court.  And he never requested it either."[30]

However, Hawkins knowingly and voluntarily waived her claim of ineffective assistance of counsel based on Attorney Bryan's alleged conflict of interest.   Hawkins signed a waiver, waiving the right to challenge "any potential conflict of interest that arises from the criminal investigation involving [her] attorney, Edward Bryan, and any claims relating to Mr. Bryan's representation that [she] [has] as a result thereof."[31]

---

[27] *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770,  775-76 (6th Cir. 1995)).

[28] *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 198 (D.C. Cir. 2013).

[29] *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *see also Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987).

[30] Doc. 21 at 6-7.

[31] Doc. 30.

Case No. 1:14-CR-294
Gwin, J.

After Hawkins signed the waiver, this Court further inquired into the waiver, and Hawkins orally confirmed that she had knowingly and voluntarily waived any conflict of interest.[32]

Hawkins alleges that the waiver was not prospective.  That is, she claims that she did not waive the right to challenge "future representation . . . or lack thereof."[33]  However, the language of the waiver makes clear that it applies to the attorney's conduct that took place both before and after Hawkins signed the document.[34]

Hawkins waived the right to raise any allegations of inadequate representation based on the then pending investigation of Defense Attorney Bryan.  Hawkins' first ground for relief fails.[35]

### B.  Claim Two

In her second claim, Hawkins writes, "I received first copy [sic] of PSI in November 2014.  I raised objections immediately to my lawyer over to [sic] phone.  I never saw my final PSI until 5 minutes before sentencing on February 3, 2014.  And issues weren't addressed."[36]

---

[32] Doc. 25 at 2-3 ("The Court: And do you understand that [the investigation] could put him in a conflicted position where he may seek to obtain benefit in that investigation of him by in some ways cooperating with the government more generally on other cases?  The Defendant: Yes, I do.  The Court: And do you think you're satisfied that you understand the whole background of this?  The Defendant: Yes, I do.  The Court: Do you have any questions about it?  The Defendant: No, sir.  The Court: Do you wish to waive that potential conflict of interest and to proceed with having Mr. Bryan represent you in this case?  The Defendant: Yes, I do.").

[33] Doc. 31 at 3.

[34] Doc. 12 at ¶ 5 ("I therefore, knowingly and voluntarily consent to waive any potential conflict of interest that arises from the criminal investigation . . . .").

[35] Moreover, as discussed below, she cannot show that her attorney's representation produced prejudicial error, even if she could raise these claims.

[36] Doc. 21 at 7-8.

Case No. 1:14-CR-294
Gwin, J.

Inadequate time to review a final PSR is a non-constitutional error. Hawkins did not object to the alleged inadequate time at sentencing or on appeal. Hawkins has not shown cause for the failure to raise the claim on appeal. As a result, her claim is waived.

Further, even if the claim were not waived, it would not succeed on the merits.

First, Hawkins' claim is belied by the record. Hawkins confirmed that she had received a copy of the presentence report and had "go[ne] through each paragraph of the report with Mr. Bryan."[37] Moreover, Hawkins' counsel did raise objections to the criminal history scoring. Probation responded to these objections in the final PSR.[38]

Second, Hawkins has not demonstrated why the alleged inadequate time with the final PSR rose to the level of a "complete miscarriage of justice." The final PSR was nearly identical to the first PSR, which Hawkins had ample time to review. She had the opportunity for her attorney to raise objections to the final criminal history calculation. The final PSR addressed her objection. The Court also addressed her objection at sentencing.

Hawkins' second ground for relief fails.


### C. Claim Three

In her third claim, Petitioner Hawkins claims that because she only served eight months of her sentence, her 2009 prior criminal conviction was improperly scored as three criminal history points rather than two. Specifically, she claims that because the Michigan judge had to "sign off on" her participation in the ninety-day boot camp, her sentence was suspended.[39] She

---

[37] Doc. 27 at 2.
[38] Doc. 17 at 15.
[39] Doc. 31 at 5.

Case No. 1:14-CR-294
Gwin, J.

believes this shorter sentence should have been used in the criminal history calculation, rather than the length of the original sentence.

As discussed below, Hawkins' criminal history category was correctly calculated. But even if it had been miscalculated, a miscalculation of a defendant's guidelines range is a non-constitutional error.[40] For a non-constitutional claim to be heard, Hawkins must have raised the claim on appeal. She has not, nor has she shown cause for the failure to raise the claim on appeal. As a result, her claim is waived.

Instead, as Hawkins has done here, the claim may be raised as part of an ineffective assistance of counsel claim.[41] The Court addresses Hawkins' ineffective assistance of counsel claim below.

However, Hawkins' third ground for relief alleging error in the Guidelines calculation fails.

### D. Claim Four

In her fourth ground for relief, Hawkins says, "My lawyer was given the information of the Court and boot camp I attended but never contacted them for judge's signature. Judge Gwin asked for the proof at sentencing and my lawyer's response was we didn't have it at this time. But he never attempted to obtain it."[42]

In her briefing, Hawkins goes on to state that Michigan is a truth-in-sentencing state, and that the "only way to get out early is [an] alteration in sentence by the sentencing judge."[43] Hawkins argues that despite the one year and seven month sentence, "I actually graduated from a

---

[40] See Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996).
[41] Id.
[42] Doc. 31 at 5.
[43] Id.

-9-

Case No. 1:14-CR-294
Gwin, J.

90 day boot camp program which my judge had to sign off on to alter my sentence."[44]  Hawkins

claims that her counsel failed to get the proper evidence of the shorter sentence.

The Court construes this claim as a claim of ineffective assistance of counsel.  Hawkins

has the burden of showing a "reasonable probability" that the outcome of the case would be

different had counsel acted another way.  However, Hawkins' sentence could never have been

suspended under Michigan's bootcamp program.   Her attorney's alleged failure to obtain

paperwork could not have changed the outcome of the case. [45]  Hawkins' fourth claim loses.

Generally, under U.S.S.G. § 4A.1.1(a)-(b), prior convictions are scored based on the length

of the original sentence, not the time served.  Sentencing Courts add three points to the defendant's

criminal history if the prior "sentence of imprisonment" exceeds one year and one month.

However, Sentencing Courts only adds two points if the prior "sentence of imprisonment" was

between sixty days and one year.

Under U.S.S.G. § 4A1.2, "sentence of imprisonment" is defined as "a sentence of

incarceration and refers to the maximum sentence imposed."  If a defendant is initially sentenced

to a probationary period, and then probation is revoked, the term of imprisonment given at

revocation is the "sentence of imprisonment."[46]

Although the sentence is usually the basis for calculating criminal history points, if a judge

suspends a defendant's remaining sentence, only the time served is used in calculating the criminal

history score.  An agency's alteration in sentence—rather than a judge's—is not a "suspended

---

[44] Doc. 31 at 5.

[45] Because the sentence of this habeas petition can be determined by the record at hand, there is
no need for an evidentiary hearing. The Sixth Circuit requires an evidentiary hearing when "the defendant
presents an affidavit containing 'a factual narrative of the events that is [either] contradicted by the record
[or] inherently incredible' and the government offers nothing more than 'contrary representations' to
contradict it" then a hearing is necessary.  *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013)
(quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)).  That is not the case here.

[46] U.S.S.G. § 4A1.2(k).

Case No. 1:14-CR-294
Gwin, J.

sentence" for the purposes of the Guidelines.[47]  In reviewing whether other bootcamp programs result in suspended sentences, courts have looked to who approves participation in the program, and who determines successful completion of the program.[48]  If a state's department of corrections fully administers the program, a change in sentence is not a "suspended sentence."

Given the Michigan bootcamp program's statutory requirements, Hawkins' participation could not have resulted in a suspended sentence for the purposes of the Guidelines.

Under Michigan law, the special alternative incarceration (SAI) boot camp program is "established and operated by the department of corrections."[49]  Participation in the SAI requires a court's approval, but the Michigan Department of Corrections determines if a defendant is eligible.[50]  After a defendant enrolls in the boot camp, the Michigan Department of Corrections determines if the defendant's performance is satisfactory.[51]  Only if the Department of Corrections determines that the defendant's participation is adequate does it provide a "report of performance" to the court that allows the court to authorize an early release.

The Michigan Department of Corrections retains administrative and decision-making authority over bootcamp program participation.  The Michigan court's approval of Hawkins' SAI participation therefore did not amount to a suspension of Hawkins' sentence.  As a result, the length of the sentence, not the time served, determines the criminal history points assigned to her prior conviction.  This Court properly calculated her criminal history category and Guidelines range.

Hawkins' fourth ground for relief fails.

---

[47] _United States v. Barnes_, __ F.3d __, 2016 WL 2848638, at *10 (6th Cir. May 16, 2016) (citing _United States v. Harris_, 237 F.3d 585, 589 (6th Cir.2001)).
[48] _Harris_, 237 F.3d at 589; _United States v. Gajdik_, 292 F.3d 555, 558 (7th Cir. 2002).
[49] Mich. Comp. Laws § 771.3b.
[50] _Id._
[51] _Id._

Case No. 1:14-CR-294
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Hawkins' motion for relief under 28

U.S.C. § 2255.[52]

IT IS SO ORDERED.

Dated:  July 13, 2016                              *s/      James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[52] The Court denies as moot Hawkins' motion to request a ruling.  Doc. 35.

-12-